UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 3:16-CR-00017-GFTV-MAS |
| PHILLIP BRADLEY WARMOUTH, ) | |
| ) | |
| Defendant. ) | |

### REPORT & RECOMMENDATION

The Court, on referral from the District Court, reviews reported violations of supervised release conditions by Defendant Phillip Bradley Warmouth ("Warmouth"). Considering the record, proffer, and party's arguments at the revocation hearing, the Court recommends that the District Court revoke Warmouth's term of supervised release and sentence him to 30 days' imprisonment with no supervised release to follow.

### I.   CASE BACKGROUND

On June 1, 2017, Warmouth pleaded guilty to conspiracy to distribute heroin, a violation of 21 U.S.C. § 846. [DE 33]. District Judge Gregory Van Tatenhove sentenced Warmouth to 30 months' imprisonment, to be followed by 6 years of supervised release. [DE 46 (Judgment)]. Warmouth was released from custody and began serving his supervised release term on May 31, 2019.

1

## II. SUPERVISED RELEASE HISTORY

### A. PRIOR VIOLATIONS

On June 13, 2019, the United States Probation Office ("USPO") submitted correspondence alleging Warmouth violated his conditions of release by testing positive for marijuana. After one year of follow-up status conferences and no further violations of conditions, the District Court decided not to take any further action on that violation. [DE 58].

Two years later, USPO reported that Warmouth was arrested on charges of burglary in the 3rd degree on September 29, 2022. According to the complaint filed in Fayette District Court, Warmouth placed $0.89 price tags on items at Walmart to obtain $76.92 worth of merchandise for $3.25. [Report at 2]. This incident resulted in a Grade B violation for committing a state crime [Violation 1] and a Grade C violation for failing to notify his probation officer of the arrest within 72 hours [Violation 2]. Four days after his initial appearance on those violations, Warmouth tested positive for marijuana and fentanyl during screen conducted by USPO. [*See* Report and Recommendation at DE 72]. At the final hearing, Warmouth entered a stipulation to all of the violations. Judge Van Tatenhove sentenced Warmouth to a term of imprisonment of five months with fifteen months of supervised release to follow, with the added condition that the first three months of his supervision be served on house arrest with electronic monitoring. [DE 76].

Warmouth was released from Bureau of Prisons custody on April 7, 2023, to begin his fifteen-month term of supervised release, which was scheduled to expire on July 6, 2024. [October 30, 2023, Supervised Release Violation Report ("Report") at 2].

Since that time, USPO reported several violations to the Court that resulted in no action:

- April 21, 2023: use of fentanyl and methadone and a diluted urine sample;
- May 1, 2023: use of marijuana; and

- October 10, 2023: previous submission of three dilute urine samples and use of alcohol.

### B. INSTANT VIOLATIONS

Warmouth's instant violations are for possession of a controlled substance and a positive drug screen for marijuana metabolite. [Report at 2-3]. Warmouth admitted to using a "delta-8" THCp product that he legally purchased at a gas station. Warmouth denied other use of THC or marijuana products. .

The Court conducted an initial appearance on the supervised release violations pursuant to Federal Rule of Criminal Procedure ("Rule") 32.1 on November 14, 2023. [DE 85]. The Court advised Warmouth of his constitutional rights. Warmouth was not in custody and the United States did not move for interim detention. [DE 85]. Pursuant to Rule 32.1, Warmouth did not have a right to a preliminary hearing. [DE 85].

At the final hearing on December 5, 2023, the Court found Warmouth to be competent to enter a knowing, voluntary, and intelligent stipulation to the first violation, the unlawful use of a controlled substance. [DE 89]. For purposes of the Rule 32.1 proceedings, Warmouth admitted the factual bases for those violations. [DE 89]. Accordingly, the Court found that the United States established the reported violations as reflected pursuant to 18 U.S.C. § 3583(e). [DE 89]. The United States moved to dismiss the second violation, and the Court granted that motion.

Violation 1 was a Grade C violation under the Guidelines. Warmouth's criminal history category, as established at the time of his original Judgment, is Category III. The parties do not dispute the resulting applicable Guidelines imprisonment range is 5 to 11 months. See USSG § 7B1.4(a). The original offense is

a Class B felony, therefore the maximum term of imprisonment that may be imposed upon revocation is 36 months. Likewise, the maximum term of supervision that can be reimposed is life, less any term of imprisonment Warmouth may receive should the Court revoke his current term. 18 U.S.C. §§ 3583(e)(3), (h).

### III.    ANALYSIS

The Court has evaluated the entire record and considered the arguments presented at the final hearing, the record concerning Warmouth's violations, the Presentence Investigation Report ("PIR"), and the factors set forth in 18 U.S.C. § 3583(e). Considering the incorporated § 3553(a) factors, revocation is warranted to reflect the circumstances surrounding the instant violations and Warmouth's original offense, to adequately deter Warmouth from future criminality, and to protect the public from any such future crimes. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(C). Revocation is also a necessary consequence for Warmouth's abuse of the Court's trust. See USSG § 7, Pt. A. intro. comment 3(b) (observing that "revocation . . . should sanction primarily the defendant's breach of trust").

In recommending a specific revocation sentence, the Court carefully considers the statutory factors in § 3553(a) as incorporated in § 3583(e), as well as the applicable Guidelines range. *See generally United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011). Warmouth's original offense was conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. Per the Presentence Investigation Report ("PSIR"), the circumstances surrounding Warmouth's original offense are that he sold heroin to an individual that overdosed and had to be revived with Narcan. [PSIR ¶¶

4

4-5]. The circumstances of his offense were reflected in his original sentence. Warmouth's sentence of thirty months' imprisonment was based an upward departure (sentencing Warmouth as though he was a criminal history Category VI and offense level 13) and a downward variance. [See Judgment at DE 46]. Absent these motions, his Guidelines range would have been 10-16 months. Warmouth's criminal history includes a prior drug trafficking, violation of a domestic violence order, several theft convictions, and other drug offenses. [PSIR ¶¶ 21-38].

The parties made a joint, agreed recommendation to the Court on the appropriate consequence. The recommended revocation with thirty days' incarceration and no supervision to follow. Warmouth was due to complete his term of supervision in July 2024. The parties made this joint recommendation with the recognition that Warmouth acknowledged his conduct and that the United States does not contest his story that he legally purchased the substance that resulted in the positive drug screen, but also with the recognition that this was Warmouth's third positive drug screen in 2023, shortly after being released from five months' incarceration from his previous revocation sentence. [October 2023 Report]. Both parties agreed that this close to the termination of his supervision, additional supervision would not serve any of the purposes in 18 U.S.C. §§ 3553 or 3583.

For these reasons, the Court views revocation with thirty days' incarceration as the appropriate sentence in this instance. Such a sentence reflects the salient § 3553(a) factors, as discussed, and accords the Guidelines proper consideration.

## IV.   CONCLUSION

Accordingly, for the reasons stated herein, the Court **RECOMMENDS** that:

(1)   Warmouth be found guilty of Violation 1;

(2)   Warmouth's current term of supervised release be **REVOKED**; and

(3)   Warmouth be sentenced to an incarceration period of thirty days; and

(4)   No supervision to follow.

Warmouth preserved his right of allocution. Absent a waiver of allocution, this matter will be placed on Judge Van Tatenhove's docket for an allocution hearing upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within 14 days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Entered this 16th day of January, 2024.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY